GRAND ORIENT LODGE OF LOUISIANA v. JACKSON ET AL.

(December 16, 1929. Opinion and Decree.)
(January 13, 1930. Rehearing Refused.)

J. Kenton Bailey, of New Orleans, attorney for plaintiff, appellee.

R. A. Tichenor, Sr., of New Orleans, attorney for defendants, appellants.

JANVIER, J. Plaintiff is incorporated under the laws of Louisiana as "Le Grand Orient de la Louisiane." It seeks to enjoin defendants from operating an incorporated body or lodge under the name "Grand Orient Lodge." The petition alleges that confusion results from the similarity of names, and that the purpose of defendants in adopting the name "Grand Orient Lodge" was to obtain as members of their organization persons who really intended joining the other, but who, through confusion, were lead to associate themselves with defendants.

Defendants resist the granting of the injunction on several grounds. They contend that they are not incorporated and that there is nothing in the laws of this

state or of the United States to prevent an unincorporated group of individuals from adopting any name which might to them seem fit. They further contend that the name adopted by them is not confusingly similar to that of plaintiffs for the reason that plaintiff's name is French, whereas the name of defendants is merely the English translation thereof.

And, lastly, they contend that the word "Orient" is descriptive or geographical, and that plaintiffs are not entitled to the exclusive use of a word merely descriptive or geographical.

In the first contention we can see no merit. Innumerable injunctions have been granted against individuals, as well as against corporations, to prevent the use of confusingly similar names. In Round Table Club vs. Bond et al., 163 La. 175, 111 So. 667, the defendants were not incorporated. An injunction was sought to prevent the use by defendants of a name confusingly similar to that of plaintiffs. Had there been any soundness in the contention which is now made that there is no prohibition in our laws against the use by individuals of a name similar to that of a corporation, it would not have been necessary for the Supreme Court to go beyond that point. As a matter of fact, the Supreme Court paid no attention to that point and discussed at great length the other contentions which were involved.

As to the second contention that the plaintiffs use the French name, whereas the defendants use the English, we can see no force in this, as the names, whether in French or in English, are strikingly similar and one is the translation of the other.

As to the third contention that the name is merely descriptive or geographical, we think that this is also without merit. A contention similar to this was made in Trappey vs. McIlhenny Co. (C. C. A.) 281 F. 23, 25 (writ of certiorari refused by United States Supreme Court, 260 U. S. 733, 43 S. Ct. 94, 67 L. Ed. 487), but the court held there that, although the word "Tabasco" was geographical, when used in connection with the words "peppersauce" it had a distinctive meaning, and no other person, firm, or corporation could adopt it for use in connection with a similar article. It seems to us that the same reasoning applies here. The word "Orient" may be said to be geographical, but the words "Grand Orient," when used in connection with a Masonic Lodge, are not used in a geographical sense, and it is plainly an infringement of the rights of the prior users for any one else to adopt similar words in connection with a Masonic or other fraternal organization. It is not necessary for us to determine whether, in fact, the name as used by defendant is "Grand Orient" or "Orient Grand," as we think the similarity would exist either way. The record leads us to the opinion that plaintiff organization was using the name "Le Grand Orient de la Louisiane" or "Grand Orient Lodge of Louisiana" long prior to the attempt by defendants to organize the other concern with a similar name. Whether the plaintiffs had complied with the rules of the Masonic Order is of no importance in the present controversy. Whether their incorporation was in proper form is also immaterial. They were using the name before defendants attempted to do so, and since it is apparent that injury to them will result if defendants are permitted to use a similar name, they are entitled to the injunction which was granted by the trial court. Trappey vs. McIlhenny Co., supra.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed.